# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2645-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

L.H.,

     Defendant-Appellant.

_____

Submitted May 1, 2019 – Decided May 22, 2019

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 10-08-0491.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren R. Casale, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant L.H.[1] appeals from the denial of his petition for post-conviction relief (PCR), contending trial and appellate counsel were ineffective, and the PCR court improperly denied his petition without an evidentiary hearing. After a review of the contentions, in light of the record, and applicable principles of law, we affirm.

The detailed circumstances leading to defendant's arrest and charges were set forth in our opinion in defendant's direct appeal. We need not repeat them here. State v. L.H., A-3512-11 (App. Div. May 9, 2014). Essentially, E.S. (Evelyn),[2] fourteen-years-old, was a close friend of defendant's stepdaughter. Evelyn alleged defendant "engaged in repeated instances of sexual conduct with [her], including both penile and digital penetration." Id. at 3. "The State also alleged that defendant wrote and presented [Evelyn] with a sexually-explicit story, which ultimately formed the basis of defendant's conviction of third-degree endangering [Evelyn's] welfare." Ibid.

Defendant was indicted with second-degree endangering the welfare of a child, N.J.S.A. 2C:24–4(a), and second-degree sexual assault, N.J.S.A. 2C:14–2(c)(4). He was tried before a jury and found guilty of third-degree endangering

---

[1] Because the record is impounded, we refer to defendant by his initials.

[2] We use initials and pseudonyms to protect the individuals' privacy.

the welfare of a child. Defendant was sentenced to three years in prison and parole supervision for life pursuant to Megan's Law, N.J.S.A. 2C:7–1 to –23. We affirmed the conviction and sentence. L.H., slip op. at 16-21.

Defendant filed a PCR petition pro se, and thereafter, assigned counsel filed a brief. Defendant asserted his trial counsel was constitutionally ineffective in failing to file a pre-trial motion to use records protected under the Rape Shield Law,[3] N.J.S.A. 2C:14–7, and failing to retain or consult with an expert to evaluate Evelyn. He contended appellate counsel was ineffective in failing to provide a complete record of the trial proceedings in the direct appeal and in failing to raise the issue of whether defendant's conduct in writing a sexually explicit story[4] constituted "sexual conduct" within N.J.S.A. 2C:24–4(a).

---

[3] After defendant and his family moved out of state, Evelyn met a forty-six-year-old man at a concert. Although she never saw him again, she exchanged a series of inappropriate instant messages, emails, and text messages (a chat log) with him. To support his defense that Evelyn had written the sexually explicit story, defendant sought to introduce the chat log during the trial to show Evelyn's knowledge of explicit sexual language. When her parents discovered the chat log, Evelyn lied and told them she had sex with the man.

[4] The writing was a sexually graphic story in which Evelyn was depicted having sex with her favorite rock star. Defendant admitted he wrote the story knowing Evelyn would masturbate to it. Evelyn had a copy of the story. It was also found on defendant's computer during the police investigation.

In a written decision of November 15, 2017, the PCR judge found defendant had failed to establish a prima facie case of ineffective counsel either during his trial or on appeal. The judge noted the issue of admissibility of the "chat log" was presented to, and determined by, the trial judge. After reviewing the chat log and hearing counsels' arguments regarding its admissibility, the trial judge found it qualified as prior sexual conduct of Evelyn, stating further, "After thorough review of . . . [the chat log], the [c]ourt couldn't find any . . . relevance to this particular case. It was post the alleged sexual conduct that occurred in this case."

Both the trial judge and the PCR court noted defendant had elicited information regarding the chat log during Evelyn's cross-examination. Evelyn conceded she had exchanged sexually explicit emails with a third party and had falsely accused him of having sexual relations with her.

In addressing defendant's contentions against appellate counsel, the PCR judge noted

> the definition of sexual conduct is broad and it is perfectly reasonable for appellate counsel to not raise the argument that compiling an erotic story for a minor fails to constitute sexual conduct, under the circumstances of [d]efendant's case. The record in this case also indicates that other acts that would be considered sexual conduct were testified to before the jury.

4

The PCR court found that defendant "failed to establish that trial . . . or appellate counsel represented him in a way that would suggest they acted outside the wide spectrum of reasonable professional and strategic choices during the course of their representation." He further concluded that defendant had not established "the outcome of the trial or subsequent appeal would have resolved differently" in the absence of "counsels' unprofessional errors." The PCR petition was denied.

Defendant renews his arguments on appeal. The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Strickland, 466 U.S. at 687, 694. The same standard applies to appellate counsel. State v. O'Neil, 219 N.J. 598, 611 (2014).

We are satisfied from our review of the record that defendant failed to demonstrate trial counsel was ineffective under the Strickland-Fritz test. Defendant's argument that trial counsel should have retained an expert to evaluate Evelyn – "an extremely troubled teenager" – is meritless. Defendant neither proffered what an expert might have added to the defense nor how expert testimony would have changed the outcome. Through the direct and cross-examination of Evelyn, the jury learned of her mental health issues and false sexual conduct accusation of another individual. Mindful of our deferential review of counsel's performance, we discern no grounds to second guess trial counsel's strategic decisions. See State v. Cooper, 410 N.J. Super. 43, 57 (App. Div. 2009). We further note defendant was acquitted of the more serious second-degree charges.

We are unpersuaded by defendant's contention that trial counsel was ineffective in failing to seek a pre-trial ruling on the admissibility of the chat log. When defendant sought admission of the evidence, the judge determined it was irrelevant and inadmissible after reviewing the log, conducting a hearing, and considering counsels' arguments. Furthermore, defense counsel cross-

examined Evelyn on the relationship with the other man and her false accusation against him. Therefore, defendant cannot demonstrate prejudice from the lack of a pre-trial ruling on the log.

As asserted in the PCR court, defendant contends before this court that both trial and appellate counsel failed to challenge the jury's conclusion that the sexually explicit story defendant wrote for Evelyn was "sexual conduct" under N.J.S.A. 2C:24–4(a).

To convict a defendant of child endangerment under N.J.S.A. 2C:24–4(a), the State must prove that the defendant "knowingly engaged in sexual conduct with a child [under] the age of sixteen," which "had the capacity to impair or debauch the [child's morals]." See State v. Bryant, 419 N.J. Super. 15, 18 (App. Div. 2011). Here, defendant argues that authoring an erotic story and sharing it with Evelyn is not sexual conduct. He asserts there was no evidence of intent to endanger Evelyn or debauch her morals. We are unpersuaded by this argument.

It was clearly within a jury's capabilities to determine whether the sexually graphic writing given to a fourteen-year-old girl depicting her having sex fell within the broad realm of sexual conduct. We need not enter that debate,

7

however, as the jury heard ample testimony regarding other acts that clearly constituted sexual conduct.[5]

We are satisfied defendant has not proven by a preponderance of the evidence that he was denied effective assistance of either trial or appellate counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] In addition to the erotic story, Evelyn testified defendant gave her a dildo and vibrator.